# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD DEAN MEARS,**

    **Plaintiff,**

v.                                                             **2:08 CV 115**
                                                                        **(Maxwell)**

**E.G. ESPARZA, et al.,**

    **Defendants.**

## ORDER

It will be recalled that on November 20, 2008, *pro se* Plaintiff Richard Dean Mears initiated the above-styled civil action by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

It will further be recalled that the case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915(A).

By Order To Answer entered April 16, 2009, Magistrate Judge Joel found that summary dismissal was not appropriate at that time; directed the Clerk of Court to issue a sixty days summons to the Defendants and gave the Plaintiff thirty days from the date of any response by the Defendants in which to file a reply.

On July 30, 2009[1], A Motion To Dismiss Or In The Alternative Motion For Summary Judgment was filed by the Defendants. A Memorandum Of Law In Support thereof was also filed herein by the Defendants on July 30, 2009.

---

[1] The Defendants sought and obtained an extension of time in which to file their Answer.

Also filed on July 30, 2009, was a document entitled Notice Of Amendment, which was docketed as a Motion To Amend Complaint on behalf of the Plaintiff.

The Plaintiff's Opposition To Motion To Dismiss Or In The Alternative Motion For Summary Judgment was filed on August 17, 2009.

On January 11, 2010, Magistrate Judge Joel entered a Report And Recommendation wherein he recommended that the Plaintiff's Motion To Amend Complaint be granted; that the Defendants' Motion To Dismiss Or In The Alternative Motion For Summary Judgment be granted with respect to the Plaintiff's claims regarding retaliation and the Privacy Act and be denied with respect to the Plaintiff's claims regarding racial discrimination and the Defendants' claim of entitlement to qualified immunity; that the Plaintiff's Amended Complaint, insofar as the same relates to Defendants Esparza; Elza; Trybus; Kovscek; Lindsay; and Little be dismissed, without prejudice, for failure to exhaust administrative remedies; that the Plaintiff's Amended Complaint, as to his claims against Defendants Riker and Stiner, be dismissed for lack of personal jurisdiction; that the Plaintiff's Motion For Service Of Summons Pursuant To Fed. R. Civ. Proc. Rule 4(c)(3) be denied as moot; that the Plaintiff's Motion For Procedural Order Respecting Motions Filed Pursuant To F. R. Civ. P. 6(b be denied; that the Court issue a Scheduling Order to address the Plaintiff's allegation of racial discrimination; and that the Plaintiff's Motion For Scheduling Of Conference Of The Parties And Planning For Discovery Pursuant To Fed. R. Civ. Proc. Rule 26(f) be denied as moot.

In his Report And Recommendation, Magistrate Judge Joel provided the parties with fourteen days from the date of service of said Report And Recommendation in which

to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation

The Plaintiff's Objections To The Magistrate Judge's Report And Recommendation were filed on January 21, 2010. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)©, this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on January 21, 2010, the Plaintiff filed his Objections To The Magistrate Judge's Report And Recommendation. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Plaintiff in his Objections To The Magistrate Judge's Report And Recommendation were thoroughly considered by Magistrate Judge Joel in said Report And Recommendation. The Court is of the

opinion that Magistrate Judge Joel's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge David J. Joel on January 11, 2010, (Docket No. 63), be, and the same is hereby, **ACCEPTED** in whole and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Plaintiff's Motion To Amend Complaint (Docket No. 47) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Plaintiff's Motion To Reinstate Plaintiff's Motion To File Amended Or Supplemental Complaint (Docket No. 61) be, and the same is hereby, **DENIED as moot**. In this regard, the Court would note that the Plaintiff asserts in said Motion that the Magistrate Judge erroneously denied his July 30, 2009, Motion to Amend Complaint as moot. Having reviewed the docket in this matter carefully, the Court would advise the Plaintiff that Magistrate Judge Joel's December 11, 2009, Order does not, in fact, deny the Plaintiff's July 30, 2009, Motion to Amend Complaint (Docket No. 47). The December 11, 2009, Order only denies the two prior Motions to Amend Complaint filed by the Plaintiff on May 21, 2009 (Docket No. 36) and June 15, 2009 (Docket No. 40), both of which Motions the Plaintiff sought leave to withdraw. It is further

**ORDERED** that the Defendants' Motion To Dismiss Or In The Alternative Motion For Summary Judgment (Docket No. 45) be, and the same is hereby, **GRANTED with respect to the Plaintiff's claims regarding retaliation and the Privacy Act**. It is

4

further

**ORDERED** that the Defendants' Motion To Dismiss Or In The Alternative Motion For Summary Judgment (Docket No. 45) be, and the same is hereby, **DENIED with respect to the Plaintiff's claim of racial discrimination and the Defendants' claim of entitlement to qualified immunity**. It is further

**ORDERED** that the Plaintiff's Amended Complaint, insofar as the same relates to Defendants Esparza; Elza; Trybus; Kovscek; Lindsay; and Little be, and the same is hereby **DISMISSED, without prejudice, for failure to exhaust administrative remedies**. It is further

**ORDERED** that the Plaintiff's Amended Complaint, insofar as the same relates to the Plaintiff's claims against Defendants Riker and Stiner, be, and the same is hereby, **DISMISSED for lack of personal jurisdiction**. It is further

**ORDERED** that the Plaintiff's Motion For Service Of Summons Pursuant To Fed. R. Civ. Proc. Rule 4(c)(3) (Docket No. 49) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the Plaintiff's Motion For Procedural Order Respecting Motions Filed Pursuant To F. R. Civ. P. 6(b) (Docket No. 44) be, and the same is hereby **DENIED**. It is further

**ORDERED** that United States Magistrate Judge David J. Joel, be, and the same is hereby, **AUTHORIZED** to issue a Scheduling Order to address the Plaintiff's allegation of racial discrimination. It is further

**ORDERED** that the Plaintiff's Motion For Scheduling Of Conference Of The

Parties And Planning For Discovery Pursuant To Fed. R. Civ. Proc. Rule 26(f) (Docket No. 56) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that the Plaintiff's Motion For Extension Of Time In Which To File Objections To The Magistrate Judge's Report And Recommendation (Docket No. 65) be, and the same is hereby, **DENIED as moot**, in light of the fact that the Plaintiff's Objections To The Magistrate Judge's Report And Recommendation were timely filed on January 21, 2010. While the Court recognizes that the Plaintiff filed his January 21, 2010, Objections without the benefit of having all of his legal materials available to him, the Court believes that said January 21, 2010, Objections were, in fact, very comprehensive and very well written. The Court cannot imagine how the Plaintiff would have been able to address his various objections any more concisely had he had all of his leal materials available to him.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

**ENTER:** February __23__, 2010

                                                      **/S/ Robert E. Maxwell**
                                                      United States District Judge