# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**RICHARD DEAN MEARS,**

    **Plaintiff,**

v.                                   **CIVIL ACTION NO. 2:08cv115**
                                            (**Judge Bailey**)

**E.G. ESPARZA, et al.,**

    **Defendants,**

## REPORT AND RECOMMENDATION

      The *pro se* plaintiff, Richard Dean Mears, initiated this case on November 20, 2008, by filing a civil rights complaint against the above-named defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On January 11, 2010, the undersigned issued a Report and Recommendation, which included a recommendation that the plaintiff's claims against defendants Esparza, Elza, Trybus, Kovscek, Lindsay, and Little be dismissed for failure to exhaust administrative remedies. In addition, the undersigned recommended that the plaintiff's claim of retaliation against the various defendants be dismissed. On January 21, 2010, the plaintiff filed objections to the Report and Recommendation. On February 23, 2010, the Honorable Robert E. Maxwell entered an order accepting the Report and Recommendation and disposing of this case in accordance with recommendations therein.

      Currently pending is the plaintiff's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In support of his motion, the plaintiff alleges that after

obtaining additional legal property that he had lost, he has discovered that the defendant misrepresented to the Court that he had failed to exhaust his administrative remedies relating to his retaliation claim. The plaintiff sets forth his argument that he did, in fact, exhaust his administrative remedies and attaches exhibits intended to support his claim. Based on his argument that he exhausted his administrative remedies, the plaintiff maintains that the Order dismissing his retaliation claims should be rescinded and his retaliation claims against Esparza, Elza, Trybus, Kovscek, Johnson, Turner, Lindsay and Little be reinstated.

## II. Discussion

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter v. Nussle, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA

---

[1] Porter v. Nussle, 534 U.S. 516, 524 (2002).

2

exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 93-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 103.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

The undersigned finds that it is unnecessary to determine whether the plaintiff exhausted his retaliation claim against Esparza, Elza, Trybus, Kovascek, Johnson, Turner, Lindsay, and Little, because even if exhausted, his claim of retaliation would still be subject to dismissal.[2] As noted in

---

[2]In the original Report and Recommendation, the undersigned recommended that the plaintiff's claims against Esparza, Elza, Trybus, Kovscek, Linsay, and Little be dismissed for failure to exhaust administrative remedies. The plaintiff included claims against these defendants other than retaliation. In his complaint, the plaintiff alleged that (1) defendants Esparza and Elza "neglect[ed] to prevent the conspiracy;" (2) defendant Kovscek staged an investigation into defendant Lindsay's Privacy Act violations; (3) defendant Lindsay violated the Privacy Act by allowing an inmate to look at the records of other inmates and "may have' directed another inmate to assault him; (4) defendant Trybus failed to conduct adequate investigations into his allegations of staff misconduct; and (5) defendant Little requested to receive DHO reports that she always received as part of her duties as Case Manager

the original Report and Recommendation, in order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 Fl3d 72, 75 (4th Cir. 1994). Therefore, "in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B)]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).

In his complaint, the plaintiff points to various actions by the defendants as evidence of retaliation. First, he alleges that after he filed a formal complaint under the Administrative Remedy Procedures Act complaining of racial discrimination against defendants Robinson and Adams, he was placed in the SHU for an investigation for being an "alleged racial threat to the security of the institution." In addition, the plaintiff alleges that as a result of his filing the racial discrimination complaint and the complaint against defendant Lindsay for breaching security and violating the Privacy Act, the remaining defendants began to conspire with other staff members to have him placed in the SHU and transferred from the facility to cover up their actions.

However, the record before the Court clearly establishes that the plaintiff received two incident reports in 2007, after he was transferred from his position as a library clerk to UNICOR. The first, dated April 12, 2007, involved possessing unauthorized items, and in point of fact, the plaintiff admitted to possessing another inmate's legal materials. The plaintiff was sanctioned with ten days disciplinary segregation, suspended for 180 days pending clear conduct, and loss of job assignment for ninety days, which at that time was the labor pool.

On May 16, 2007, FCI Morgantown submitted the plaintiff for a transfer. As a result of the

4

300 level Discipline Report for Possession of Unauthorized Items on May 9, 2007, his Custody score was lowered to +15, and his Security score was increased to +12, resulting in a change in his security level from MINIMUM to LOW. (Doc. 46-4). Therefore, his resulting transfer from FCI Morgantown, a minimum security facility to FCI Elkton, a low security facility was the direct result of the plaintiff's admitted violation of BOP regulations and is not evidence of retaliation.

### III. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's Motion for Relief from Judgment (Doc. 106) be **DENIED.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 12, 2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE