# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD DEAN MEARS**,

        **Plaintiff**,

v.                                 **Civil Action No. 2:08cv115**

**E.G. ESPARAZA, et al.**,

        **Defendants**.

## ORDER

On November 20, 2008, *pro se* Plaintiff Richard Dean Mears initiated the above-styled civil action by filing a civil rights complaint against the above-named defendants pursuant to ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971). The case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.01, *et seq.*, of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e) and 1915A.

On January 11, 2010, Magistrate Judge Joel entered a Report and Recommendation wherein he recommended that the plaintiff's Motion to Amend Complaint be granted; that the defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment be granted with respect to the plaintiff's claims regarding retaliation and the Privacy Act and be denied with respect to the plaintiff's claims regarding racial discrimination and the defendants' claim of entitlement to qualified immunity; that the plaintiff's Amended Complaint, insofar as the same relates to Defendants Esparza, Elza, Trybus, Kovscek, Lindsay, and Little be dismissed, without prejudice, for failure to exhaust administrative remedies; that the plaintiff's Amended Complaint, as to his claims against Defendants Riker

and Stiner, be dismissed for lack of personal jurisdiction; that the plaintiff's Motion for Service of Summons Pursuant to Fed. R. Civ. Proc. Rule 4(c)(3) be denied as moot; that the plaintiff's Motion for Procedural Order Respecting Motions Filed Pursuant to F. R. Civ. P. 6(b) be denied; that the Court issue a Scheduling Order to address the plaintiff's allegation of racial discrimination; and that the plaintiff's Motion for Scheduling of Conference of the Parties and Planning for Discovery Pursuant to Fed. R. Civ. Proc. Rule 26(f) be denied as moot. Magistrate Judge Joel's Report and Recommendation was accepted by Order of this Court entered February 23, 2010.

The docket herein reflects that, on June 15, 2010, the plaintiff filed a Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule 60(b). In that Motion, the plaintiff alleges that, after obtaining additional legal property that he had lost, he discovered that the defendant misrepresented to the Court that he had failed to exhaust his administrative remedies with regard to his retaliation claim. Accordingly, the plaintiff asserts that he did, in fact, exhaust his administrative remedies and attaches exhibits intended to support this claim. The plaintiff takes the position that, because he did exhaust his administrative remedies, the Court's February 23, 2010, Order dismissing his retaliation claims should be rescinded and his retaliation claims against Esparza, Elza, Trybus, Kovscek, Johnson, Turner, Lindsay and Little should be reinstated.

On November 12, 2010, Magistrate Judge Joel issued a Report and Recommendation ("R&R"), wherein he recommended that the plaintiff's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule 60(b) be denied. Magistrate Judge Joel's R&R provided the parties with fourteen days from the date of service in which

to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon the R&R. The docket in the above-styled civil action reflects that the plaintiff accepted service on November 15, 2010. Accordingly, any objections to the R&R were initially required to be filed by the plaintiff on or before November 29, 2010.

On November 23, 2010, a two-page, handwritten letter from the plaintiff to the Clerk of Court was docketed herein as a Motion for Extension of Time to File Objections to Magistrate Judge Joel's November 12, 2010, Report and Recommendation. In the Motion for Extension of Time, the plaintiff advised the Court that, because he was housed in the Special Housing Unit at FCI Gilmer, he had no access to a copier; that he had completed his objections to Magistrate Judge Joel's Report and Recommendation on November 20, 2010, and gave them to his counsel, Mr. Taylor, to photocopy for filing; and that, although Mr. Taylor was to return his objections and the photocopies of the same to him on November 21, 2010, he had failed to do so. Accordingly, the plaintiff advised the Court that he would mail his objections as soon as he received them back from his counselor. The plaintiff's concerns with regard to when his objections and the necessary photocopies of the same would be returned to him for filing were reiterated in two separate two-page handwritten letters from the plaintiff to the undersigned District Court Judge and to Magistrate Judge Joel, which were filed and made a part of the record herein on November 24, 2010.

By Order entered November 24, 2010, the Court granted the plaintiff's Motion for Extension of Time to File Objections to Magistrate Judge Joel's November 12, 2010, Report

and Recommendation and granted the plaintiff an extension of time until December 13, 2010, in which to file objections. The docket reflects that service of the plaintiff's copy of the November 24, 2010, Order was accepted on November 29, 2010. To date, no objections to Magistrate Judge Joel's November 12, 2010, Report and Recommendation have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Upon consideration of the R&R, and having received no written objections thereto, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge David J. Joel on November 12, 2010 (Doc. 154), be, and the same is hereby, **ADOPTED** for the reasons more fully stated therein. Accordingly, it is

**ORDERED** that the plaintiff's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule 60(b) (Doc. 106) be, and the same is hereby, **DENIED**.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* plaintiff

4

and to any counsel of record.

**DATED**: December 22, 2010.

                                            JOHN PRESTON BAILEY
                                            UNITED STATES DISTRICT JUDGE