**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**RICHARD DEAN MEARS,**

        Plaintiff,

**v.**                                              **Civil Action No. 2:08cv115
(BAILEY)**

**KENNETH ADAMS and
MR. ROBINSON,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    Introduction

On May 16, 2011, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R") [Doc. 187], wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. On May 31, 2011, plaintiff timely filed his Objections to the R&R [Doc. 189]. Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the plaintiff in his Complaint, brought pursuant to ***Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), wherein plaintiff alleges that defendants discriminated against him by failing to allow him to return to his position as a clerk in the inmate law library, were thoroughly considered by Magistrate Judge Joel in his R&R.

**II.**    Procedural History

This case has a lengthy history. On November 20, 2008, *pro se* plaintiff Richard Dean Mears initiated the above-styled civil action by filing a civil rights complaint against the above-named defendants – and others whom have since been dismissed. On January

11, 2010, Magistrate Judge Joel entered his initial Report and Recommendation ("R&R"), wherein he recommended that the plaintiff's Motion to Amend Complaint be granted; that the defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment be granted with respect to the plaintiff's claims regarding retaliation and the Privacy Act and be denied with respect to the plaintiff's claims regarding racial discrimination and the defendants' claim of entitlement to qualified immunity; that the plaintiff's Amended Complaint, insofar as the same relates to defendants Esparza, Elza, Trybus, Kovscek, Lindsay, and Little be dismissed, without prejudice, for failure to exhaust administrative remedies; that the plaintiff's Amended Complaint, as to his claims against defendants Riker and Stiner, be dismissed for lack of personal jurisdiction; that the plaintiff's Motion for Service of Summons Pursuant to Fed. R. Civ. Proc. Rule 4(c)(3) be denied as moot; that the plaintiff's Motion for Procedural Order Respecting Motions Filed Pursuant to F. R. Civ. P. 6(b) be denied; that the Court issue a Scheduling Order to address the plaintiff's allegation of racial discrimination; and that the plaintiff's Motion for Scheduling of Conference of the Parties and Planning for Discovery Pursuant to Fed. R. Civ. Proc. Rule 26(f) be denied as moot.  Magistrate Judge Joel's R&R was adopted by Order of this Court entered February 23, 2010 [Doc. 67].

The docket herein reflects that, on June 15, 2010, the plaintiff filed a Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule 60(b).  In that Motion, the plaintiff alleged that, after obtaining additional legal property that he had lost, he discovered that the defendant misrepresented to the Court that he had failed to exhaust his administrative remedies with regard to his retaliation claim.  Accordingly, the plaintiff asserted that he did, in fact, exhaust his administrative remedies and attached exhibits

2

intended to support this claim. The plaintiff's position was that, because he did exhaust his administrative remedies, this Court's February 23, 2010, Order dismissing his retaliation claims should be rescinded, and his retaliation claims against Esparza, Elza, Trybus, Kovscek, Johnson, Turner, Lindsay and Little should be reinstated.

On November 12, 2010, Magistrate Judge Joel issued another R&R, wherein he recommended that the plaintiff's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule 60(b) be denied. Magistrate Judge Joel's R&R provided the parties with fourteen days from the date of service in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon the R&R. The docket in the above-styled civil action reflected that the plaintiff accepted service on November 15, 2010. Accordingly, any objections to the R&R were initially required to be filed by the plaintiff on or before November 29, 2010.

The plaintiff then filed a motion for extension, which by Order entered November 24, 2010 [Doc. 159], this Court granted an extension of time in which to file objections until December 13, 2010. No objections having been filed by that deadline, this Court noted that it was not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thus, the R&R was reviewed for clear error.

Upon consideration of the R&R, and having received no written objections thereto, this Court, reviewing for clear error, ordered that the R&R [Doc. 154] be adopted for the reasons more fully stated therein. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Accordingly, the plaintiff's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Proc. Rule

3

60(b) [Doc. 106] was denied.

On January 10, 2011, the plaintiff filed his Motion to Rescind December 22, 2010, Order Adopting the R&R [Doc. 164]. Attached thereto as Exhibit B, the plaintiff filed Objections to the R&R. Although the plaintiff's Objections were clearly late, this Court nevertheless reviewed the same. Upon review, however, this Court found that the Objections merely rehashed that which was already thoroughly considered by this Court. Thus, upon careful review of the plaintiff's Objections, this Court opined that had they been timely filed, this Court's decision would not have changed. Accordingly, the only remaining issue is the plaintiff's claim of racial discrimination against defendants Adams and Robinson. For the reasons that follow, this remaining claim is likewise **DENIED**.

III. Factual Background

The plaintiff, a white male, claims that the defendants discriminated against him by failing to allow him to return to his position as a clerk in the inmate law library at FCI Morgantown after he withdrew from his UNICOR position on February 16, 2007. The plaintiff also appears to claim that his transfer from law clerk to UNICOR was racially motivated. To support his claim of discrimination based on race, the plaintiff alleges that the Education Supervisor who originally approved his assignment to the law library was white. Following transfer to another institution, defendant Robinson, a black male, became the Education Supervisor. [Doc. 1, p. 3]. The plaintiff alleges that he was informed by "white and black inmates that defendant Robinson wanted to have mostly black inmates working in the 'Law Library Clerk' position," and that he also had been informed by "black and white inmates that defendant Adams treated black inmates more favorab[ly]." [Doc. 1, p. 5].

IV.     Discussion

A plaintiff has no constitutional right to a job while incarcerated because a federal prisoner has no property or liberty interest to a job in prison.  See **Garza v. Miller**, 638 F.2d 480 (1982).  However, if a prison program is offered, no prisoner may be treated differently in terms of access to that program on the basis of his race or national origin, because "the Constitution prohibits prison supervisors from using race as a factor in determining which prisoners can participate in which programs." **Brown v. Summer**, 701 F. Supp. 762, 764 (D. Nev. 1988).  More recently, the Fourth Circuit has noted that while the Equal Protection Clause protects prisoners from arbitrary racial discrimination, review of prison supervisory actions is weighed against the necessary withdrawal or limitation of many privileges and rights of prisoners.  **Morrison v. Garraghty**, 239 F.3d 648 (4th Cir. 2001).

Providing a framework for analysis of an equal protection claim is the Fourth Circuit's opinion in **Veney v. Wyche**, 293 F.3d 726 (4th Cir. 2002).  As the Court explained in its decision, the Equal Protection Clause prohibits a governmental decision maker from ". . . treating differently persons who are in all relevant requests alike." **Id.**; quoting **Nordlinger v. Hahn**, 505 U.S. 1, 10 (1992).  To succeed in an equal protection claim, the plaintiff ". . . must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." **Morrison**, supra at 654.  More specifically, ". . . to establish a violation of the Equal Protection Clause, [the plaintiff] must prove that a racially discriminatory intent or purpose was a factor in the decision of prison officials." **Veney**, 293 F.3d at 732.

Here, the plaintiff argues that once an inmate is placed in the SHU, his work department must hold his position for thirty days.  The defendants, however, correctly point

5

out that Program Statement 5251.05, which governs inmate work assignments, makes no provision for an inmate to be returned to his work assignment after being placed in the SHU or leaving the position for any reason [Doc. 150-1]. As noted by the defendants, an inmate employed in the Federal Prison Industries ("FPI," also referred to as "UNICOR") ". . . is in FPI work status . . . for the first thirty days in administrative detention." See 28 C.F.R. § 345.11. However, there is no such requirement to "hold" an inmate's non-UNICOR work assignment, and hence, there is no such policy with respect to the law library clerk position.

The defendants also note that where, as in the plaintiff's case, employment is lost due to a UNICOR factory shutting down, the inmate who lost his job as a result of the closing is placed at the top of the waiting list for the re-opening of a UNICOR factory. Accordingly, the plaintiff was at the top of the list when the UNICOR factory at FCI Morgantown reopened, and he was called to a position in UNICOR on February 11, 2007. While the plaintiff had the opportunity to request being taken off the waiting list, he never submitted such a request, and therefore, was automatically reassigned to UNICOR. Apparently, in hopes of being reinstated to his former position as a law library clerk, the plaintiff voluntarily withdraw from the UNICOR position on February 16, 2007 [Doc. 150-2]. It is this failure to be reinstated to his former position as law library clerk upon which the plaintiff rests his racial discrimination claim. In light of the above policies, however, the defendants were under no such obligation to hold plaintiff's former position for him.

Accordingly, this Court finds that the plaintiff has failed to meet his burden of proof that he has "been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." **Morrison**, *supra* at 654. The defendants were simply following proper prison protocol. This Court

also finds the plaintiff's allegations that inmates' statements that defendant Robinson "wanted to have mostly black inmates working in the 'Law Library Clerk' position," and that "defendant Adams treated black inmates more favorab[ly]." does not provide a sufficient basis to prove that a "racially discriminatory intent or purpose was a factor in the decision of prison officials." *Veney*, 293 F.3d at 732.

Therefore, upon review of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not already throughly considered and correctly addressed by the Magistrate Judge in his R&R. In his objections, the plaintiff rehashes the "evidence" of racial discrimination already set forth and addressed by the Magistrate Judge. This Court, in agreement with the Magistrate Judge, finds that such evidence is insufficient to defeat the defendants' Renewed Motion to Dismiss or for Summary Judgment as plaintiff has failed to present any credible evidence showing his right to equal protection was violated by either defendant Adams or Robinson. Accordingly, the plaintiff's Objections **[Doc. 189]** are **OVERRULED**.

V.  Conclusion

Therefore, this Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable in this case. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R **[Doc. 187]** be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss or for Summary Judgment **[Doc. 136]** shall be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that plaintiff's Motion to Schedule Trial Date **[Doc. 138]** shall be, and the

same hereby is, **DENIED**. It is further

**ORDERED** that the plaintiff's claims against defendants Adams and Robinson be **DENIED** and **DISMISSED WITH PREJUDICE**, and that the Complaint **[Doc. 1]** shall be, and the same hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that the Clerk shall enter judgment for the defendants. It is further

**ORDERED** that, if plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: June 16, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE